UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-286-FDW
(3:88-cr-136-FDW-1)

| DONALD POSTELL, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

**I. BACKGROUND**

In his underlying criminal case, Petitioner was indicted on August 3, 1988, for conspiracy to distribute at least five kilograms of cocaine. See (Criminal Case No. 3:88-cr-136-FDW-1, Doc. No. 1). After a trial, a jury convicted Petitioner, and the Court sentenced Petitioner to 600 months of imprisonment. Petitioner appealed his conviction and sentence, and the Fourth Circuit Court of Appeals affirmed both the conviction and the sentence. See United States v. Postell, 891 F.2d 287, 1989 WL 141697 (4th Cir. Nov. 17, 1989) (unpublished).

Petitioner then filed a 28 U.S.C. § 2255 petition attacking his conviction on February 20, 1992. (Civil No. 3:92cv58). On September 8, 1992, this Court denied the § 2255 petition, and

the Fourth Circuit affirmed the decision of this Court by order dated May 6, 1994. See United States v. Postell, 23 F.3d 404, 1994 WL 170695 (4th Cir. May 6, 1994) (unpublished). On March 12, 2001, the Fourth Circuit Court of Appeals denied a motion by Petitioner to file a successive petition. (Criminal Case No. 3:88-cr-136-FDW-1, Doc. No. 1 at 5). On August 10, 2010, the Court treated a motion to amend filed by Petitioner as a motion to vacate and dismissed it as a successive petition. (Id., Entry Dated August 10, 2010). By order dated February 22, 2011, the Fourth Circuit Court of Appeals reversed and remanded the Court's order on the basis that the motion filed by Petitioner was in fact a motion to correct a typographical error and not a § 2255 petition. United States v. Postell, 412 Fed. App'x 568, 2011 WL 609711 (4th Cir. Feb. 22, 2011) (unpublished).

On December 27, 2011, Petitioner filed what he titled a "Motion for issuance of writ of error 28 U.S.C. 1651," which this Court construed as a second § 2255 motion to vacate. (Criminal Case No. 3:88-cr-136-FDW-1, Doc. No. 19: 3:12cv576). On September 3, 2012, this Court dismissed this § 2255 motion as an unauthorized, successive petition. (Id., Doc. No. 22). Petitioner filed a notice of appeal from this order of dismissal. By order dated February 28, 2013, the Fourth Circuit dismissed Petitioner's appeal. United States v. Postell, 512 Fed. App'x 305, 2013 WL 731853 (4th Cir. Feb. 28, 2013) (unpublished).

On May 21, 2012, while his other § 2255 motion to vacate was pending, Petitioner filed another § 2255 motion to vacate, seeking relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (Id., Doc. No. 21: 3:12cv322). On November 9, 2012, the Court dismissed this § 2255 motion as an unauthorized, successive petition. (Id., Doc. No. 24). By order dated April 3, 2013, the Fourth Circuit dismissed Petitioner's appeal. United States v.

Postell, 517 Fed. App'x 157, 2013 WL 1319787 (4th Cir. Apr. 3, 2013) (unpublished).

Petitioner placed the instant § 2255 petition in the prison system for mailing on May 28, 2014, and it was stamp-filed in this Court on June 3, 2014. Petitioner again brings a Simmons claim, and he cites specifically the Fourth Circuit Court of Appeals' recent decision in United States v. Whiteside, No. 13-7152, 2014 WL 1364019 (4th Cir. Apr. 8, 2014).

## II.   STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.   DISCUSSION

Petitioner filed the instant motion to vacate seeking to have the Court vacate his conviction and sentence in Criminal Case No. 3:88-cr-136-FDW-1. Petitioner has already filed a motion to vacate challenging the same conviction and sentence, and the motion to vacate has been denied on the merits. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States

Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

IV. **CONCLUSION**

For the foregoing reasons, the Court will dismiss Petitioner's § 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner

has failed to make the required showing.

Signed: June 23, 2014

Frank D. Whitney
Chief United States District Judge