**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:14-cv-286-FDW**
**(3:88-cr-136-FDW-1)**

| | |
|---|---|
| **DONALD POSTELL,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate and Reinstate, or Alternatively, to Reopen the Time to File Appeal. (Doc. No. 4). For the reasons that follow, the Court denies Petitioner's motion to vacate and reinstate judgment, but the Court will grant Petitioner's motion to reopen the time to file appeal of this Court's order entered June 24, 2014.

Petitioner filed the instant motion on November 12, 2014, seeking to have the Court reopen his previously filed motion to vacate, which this Court dismissed as a successive petition on June 24, 2014. Petitioner argues in the motion, brought pursuant to Rule 60(b)(1) and (4) of the Federal Rules of Civil Procedure, that his prior petition should be reopened and this Court should vacate its prior order. Alternatively, Petitioner seeks an order from this Court reopening the time to file an appeal under Rule 4(a)(6)(B) of the Federal Rules of Appellate Procedure, based on his contention that he was not made aware of this Court's order denying his motion to vacate until October 29, 2014. See (Doc. No. 4 at 1).

1

The Court finds that, to the extent that Petitioner is seeking relief from this Court's prior order denying his motion to vacate under Rule 60(b), his motion is denied as a successive petition.[1] See Gonzalez v. Crosby, 545 U.S. 524, 530-31 (2005) (holding that Rule 60(b) motions are treated as successive habeas petitions); Wigfall v. McCall, No. 0:12-2090-RMG, 2012 WL 4981382, at *3 (D.S.C. Oct. 17, 2012) ("A motion to reinstate or reopen a prior petition is treated as a successive petition."); United States v. MacDonald, 979 F. Supp. 1057, 1068 (E.D.N.C. 1997) (stating a motion to reopen is akin to a successive habeas petition).

The Court will, however, will grant Petitioner's motion to reopen the time to file an appeal. To this extent, Petitioner shall have twenty days from service of this Order to appeal this Court's judgment of June 24, 2014.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate and Reinstate, (Doc. No. 1), is **GRANTED** to the extent that the Court will enlarge the time for Petitioner to appeal this Court's judgment of June 24, 2014. Petitioner shall have twenty days from service of this Order to file a notice of appeal. To the extent that Petitioner is seeking relief from this Court's judgment under Rule 60(b), his motion is denied.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules

---

[1] Petitioner appears to be contending that this Court erroneously found that his previously filed Section 2255 motion to vacate was an unauthorized, successive petition. In support, Petitioner cites to the U.S. Supreme Court's recent decision in Persaud v. United States, in which the Court remanded to the Fourth Circuit on the issue of whether the petitioner could seek relief through a Section 2241 petition raising a claim under the Fourth Circuit's en banc decision in Simmons v. United States, 649 F.3d 237 (4th Cir. 2011). See Persaud v. United States, 134 S. Ct. 1023 (2014), granting certiorari and vacating the judgment in United States v. Persaud, 517 Fed. App'x 137 (4th Cir. 2013). Here, however, the underlying petition that was denied as successive was brought as a Section 2255 motion to vacate.

Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

Signed: November 20, 2014

Frank D. Whitney
Chief United States District Judge